# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| ARSEN AKOPIAN,<br><br>Petitioner,<br><br>v.<br><br>FERETI SEMAIA et al.,<br><br>Respondents. | Case No. 5:26-cv-02723-DFM<br><br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I.   INTRODUCTION

Petitioner Arsen Akopian, a native and citizen of Russia, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his civil immigration detention and seeking immediate release from custody. See Dkt. 1 ("Petition"). Respondents filed an Answer in which they do not contest the Petition's factual allegations and agree that, if the Court grants relief, the appropriate remedy is an immigration bond hearing rather than immediate release. See Dkt. 6 ("Answer"). Petitioner filed a Reply. See Dkt. 8 ("Reply"). The matter is before the Court on the briefing schedule set by General Order 26-05. See Dkt. 5.

For the reasons set forth below, the Petition is **GRANTED IN PART**. Petitioner's detention is governed by 8 U.S.C. § 1226(a), under which he is

entitled to a bond hearing before an immigration judge. He is not, however, entitled to immediate release.

## II.   BACKGROUND

Petitioner is a native and citizen of Russia who lawfully entered the United States on a B-2 visitor visa on December 26, 2016. See Petition ¶ 2 & Exs. B (I-94 Arrival/Departure Record); C (Passport and B-2 Visa Documentation).

Petitioner holds valid employment authorization; has no criminal convictions; has established substantial family and community ties; and he and his family have pending applications for asylum and related relief reflecting his lawful date of entry. See Petition ¶¶ 3-4, 14-16, 33-35. On May 19, 2026, Petitioner voluntarily appeared at a U.S. Citizenship and Immigration Services ("USCIS") interview, accompanied by family members. See id. ¶¶ 5, 36. At that interview, U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody without prior notice, without service of any warrant or charging document, and without any individualized custody determination or hearing. See id. ¶¶ 6, 37-39. He is detained at Desert View Annex in Adelanto, California. See id. ¶¶ 7, 23.

Petitioner alleges that his detention rests on mistaken identity. According to the Petition, the only criminal matter located by counsel is a 2002 case involving a different individual named "Arsen Akopian," with an arrest date of November 26, 2002, when Petitioner was an infant and not present in the United States. See id. ¶¶ 8-13, 40-46 & Ex. F (Los Angeles Superior Court Search Results). Petitioner has not received any bond hearing concerning his detention. See id. ¶ 52. He brings claims for unlawful detention, for violations of procedural due process, for violations of substantive due process, and under the All Writs Act. See id. ¶¶ 71-92.

Respondents do not dispute Petitioner's lawful B-2 admission, his date of birth, his lack of criminal convictions, or that he did not receive a pre-detention hearing. See Answer at 2. Respondents contend that the mistaken identity allegations are conclusory, that any factual disputes are properly resolved by an immigration judge in the first instance, and that the appropriate remedy is a bond hearing rather than release. See id.

## III.   DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the lawfulness of their immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)

### A.   Petitioner's Detention is Governed by 8 U.S.C. §1226(a)

Section 1226(a) is the general provision governing the detention of a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Unlike the mandatory-detention provisions, it permits the Attorney General to "release the alien on . . . bond" or "conditional parole," id. § 1226(a)(2); see Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), and its implementing regulation entitles a person so detained to a bond hearing before an immigration judge at the outset of detention, see 8 C.F.R. § 1236.1(d)(1).

Section 1226(a) governs here, and the parties do not contend otherwise. Petitioner was lawfully admitted to the United States on a B-2 visa, after inspection at a port of entry, on December 26, 2016. See Petition ¶ 2 & Ex. B. A noncitizen who enters "after inspection and authorization by an immigration officer" has been "admitted." 8 U.S.C. § 1101(a)(13)(A). Petitioner has no criminal conviction that would trigger mandatory detention

3

under § 1226(c). <u>See</u> Petition ¶¶ 14, 46. His detention is therefore governed by § 1226(a) and he is entitled to a bond hearing he has not received.

**B.    <u>Immediate Release is Not Warranted</u>**

The only dispute is the remedy. Petitioner seeks immediate release, citing decisions holding that a later bond hearing does not cure a due process violation where the Government re-detains a person without pre-deprivation process. <u>See</u> Petition ¶¶ 19, 66-69 (citing as an example, <u>Boris Asatryan v. Lyons</u>, No. 26-01895, 2026 WL 1196005, at *1 (C.D. Cal. Apr. 24, 2026) ("[T]he Court finds that Petitioner's sudden re-detention—without any meaningful pre-deprivation notice or an opportunity to be heard—violates due process.")).

Those authorities are inapposite on these facts. Each invokes the liberty interest recognized in <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972), which arises when the Government has previously released a person from custody and then revokes that release by re-detaining him without notice and an opportunity to be heard. Petitioner, however, was never previously detained by ICE and released. He was admitted on a visa, lived in the community, and was taken into immigration custody for the first time at his USCIS interview. <u>See</u> Petition ¶¶ 5-6, 36-37. There is accordingly no prior custodial release to revoke—and no "prior conditions of release" to restore, as the Petition requests. <u>See</u> Petition at 12.

Petitioner asserts that a "later bond hearing does not cure the constitutional violation." Reply at 2. Petitioner's argument makes sense when there is a release-based liberty interest that the Government extinguished without process. But Petitioner held no such prior release. For a first-time § 1226(a) detainee, the bond hearing at the outset of detention is the process the statute affords. Outright release, by contrast, is reserved for cases, unlike this one, in which a prior release created a protected liberty interest.

Indeed, the Ninth Circuit has held that "§ 1226(a)'s procedures satisfy due process" where the noncitizen received "an initial bond hearing before a neutral decisionmaker," with rights of appeal and redetermination. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1211 (9th Cir. 2022). The remedy for the Government's failure to provide that hearing is therefore to order the hearing, not to order release. At the hearing, the Government bears the burden of justifying continued detention by showing that Petitioner is a flight risk or a danger to the community. See Singh v. Holder, 638 F.3d 1196, 1203-04 (9th Cir. 2011) ("[T]he burden of establishing whether detention is justified falls on the government."). Petitioner's voluntary appearance at his interview, his lack of any criminal conviction, his employment authorization and family ties, and his mistaken identity showing are all matters for the immigration judge to weigh in the first instance, as Respondents observe.

Consistent with the practice in this District, the Court orders that the bond hearing be held within seven (7) days and that Petitioner be released if the hearing is not timely provided. Because relief is warranted on this statutory ground, the Court does not reach Petitioner's remaining constitutional theories, and it declines to enter his requested injunction against any future re-detention. Nothing in this Order bars a future re-detention that comports with the law.

## IV.   ORDER

IT IS THEREFORE ORDERED that:

1.   The Petition for Writ of Habeas Corpus is **GRANTED IN PART**.

2.   Within seven (7) days of the date of this Order, Respondents shall provide Petitioner an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a), at which the Government shall bear the burden of establishing that continued detention is justified by flight risk or danger to the community.

3.      If Petitioner is not provided a hearing within seven (7) days, Respondents shall release Petitioner from custody under appropriate conditions of supervision.

4.      Petitioner's request for immediate release is **DENIED**; and his request to enjoin any future re-detention is **DENIED**.

5.      The parties shall file a joint status report within ten (10) days of the date of this Order stating whether and when the bond hearing occurred and, if bond was denied, the stated basis for the denial.

Date: June 3, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge

6